IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JENNIFER PRICE, *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| vs. ) | Case No. CIV-14-319-D |
| ) | |
| MICHAEL DEEBA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

Before the Court are the following motions filed pursuant to Rule 12(b)(1) and (b)(6), Fed. R. Civ. P.: Defendant The Martens Companies' Motion to Dismiss [Doc. No. 34]; Defendant Receivership Services Corporation's Motion to Dismiss [Doc. No. 35]; and Amended Motion to Dismiss Amended Complaint [Doc. No. 44] of Defendants Michael Deeba and Michael E. Deeba PLLC. Plaintiffs have opposed the Motions, which are fully briefed and at issue. They have also filed Plaintiffs' Motion for Leave to Amend [Doc. No. 54], which proposes to cure any pleading deficiencies by filing a Second Amended Complaint. All defendants, including Price Edwards & Company and Jackie Hill, have objected to Plaintiffs' Motion, which is also fully briefed and at issue.

**Factual and Procedural Background**

This case relates to the bankruptcy case of Macco Properties, Inc. ("Macco"), which remains pending in this judicial district. *See In re Macco Prop., Inc.*, No. 10-16682-NLJ

(Bankr. W.D. Okla.).[1] The corporate debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code in November, 2010, to reorganize its business of managing real estate properties owned by "subsidiary" limited liability companies (or LLCs).[2] Plaintiffs Jennifer Price and Lew McGinnis are, respectively, Macco's sole shareholder and president/chief operating officer. Mr. McGinnis is also an unsecured creditor, having purchased and taken assignment of an unsatisfied claim shortly before filing this action.[3] Plaintiffs have sued a number of persons and entities connected to the bankruptcy case based on allegations of negligence, gross mismanagement, breach of fiduciary duties, and conspiracy to damage the bankruptcy estate and "make sure that Plaintiffs were left with nothing." *See* First Am. Compl. [Doc. No. 18] ¶ 198.

Defendant Michael Deeba ("Deeba") is the bankruptcy trustee. He was appointed by the bankruptcy court on May 31, 2011, upon motion of the United States Trustee alleging breach by Macco of the debtor-in-possession's obligations under Plaintiffs' management. *See In re Macco Prop., Inc.*, No. 10-16682-NLJ, Motion to Appoint Trustee (Bankr. W.D.

---

[1] Some facts stated in this Order are not alleged in Plaintiffs' pleadings but are shown by the bankruptcy court's case records. These facts may be considered in ruling on a motion to dismiss, even one governed by Rule 12(b)(6). *See Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006); *see also Pace v. Swerdlow*, 519 F.3d 1067, 1072 (10th Cir. 2008).

[2] *See* First Am. Compl. [Doc. No. 18] (referring to LLC's wholly owned or controlled by Macco as subsidiaries).

[3] Plaintiffs also allege that "Mr. McGinnis owns an equity piece in some of the subsidiary companies along with Macco." *See* First Am. Compl. ¶ 25. The meaning of this allegation is unclear. The best description of Mr. McGinnis' interest, however, appears to be that he was "a co-owner of the entities that owned an interest in the . . . subsidiaries." *Id*. ¶ 104. Thus, the Court understands that Mr. McGinnis was not personally a member of any LLC that was not wholly owned by Macco.

Okla. May 6, 2011).[4] With approval of the bankruptcy court, Deeba's professional corporation, Michael E. Deeba PLLC, provided financial accounting services to the trustee. With similar approval, Defendants Receivership Services Corporation ("RSC") and Price Edwards & Company were employed to provide real estate management services. Defendant The Martens Companies is RSC's parent company. Defendant Jackie Hill ("Hill") is Plaintiffs' former attorney and an unsecured creditor of the estate. He was appointed by the bankruptcy court to the unsecured creditors' committee when it was formed; he remains on the committee, even though his claim has been satisfied, because he has purchased and taken assignment of another creditor's claim. Plaintiffs also sued other attorneys and law firms involved in the bankruptcy case, but voluntarily dismissed those defendants.

The commencement of this civil action was triggered by applications filed in the bankruptcy case by Deeba, his corporation, and certain attorneys, seeking final approval of their compensation. Plaintiffs objected to the applications, in part, based on the same allegations of mismanagement raised in this case. Soon after filing their objections (the day before a settlement conference in the bankruptcy case), Plaintiffs filed their Complaint in this case, purporting to assert claims on behalf of the bankruptcy estate and individual claims for themselves as "ultimate beneficiaries" of the estate. *See* Compl. [Doc. No. 1], p.2; First Am.

---

[4] The bankruptcy court's May 31 order was entered by agreement of the parties; it was not based on proof of the United States Trustee's allegations. In subsequent proceedings regarding an alleged breach of the agreement, however – raised by Ms. Price in a motion to dismiss the bankruptcy case and an adversary proceeding against the trustee – the presiding bankruptcy judge, the Honorable Niles Jackson, made extensive findings regarding Plaintiffs' conduct after a five-day evidentiary hearing. Judge Jackson's 52-page order fully explains why the appointment was needed. *See Price v. Deeba* (*In re Macco Props., Inc.*), Adv. No. 11-1099, Order at 37-38, 40, 42, 49-50 (Bankr. W.D. Okla. Sept. 7, 2011) (the same order was also filed in the bankruptcy case on that date).

Compl. [Doc. No 18], p.3. Plaintiffs seek disgorgement of fees previously paid in the bankruptcy case and denial of pending applications, and assert "affirmative claims for relief" that allegedly are not subject to core jurisdiction of the bankruptcy court. Plaintiffs invoke the subject matter jurisdiction of this Court under 28 U.S.C. § 1334(b). *See* First Am. Compl., pp. 4-5 & ¶ 11.

Defendants' Motions allege numerous deficiencies in the First Amended Complaint, and seek dismissal on both jurisdictional and merits-based grounds.[5] The Court is obliged to address jurisdiction as a threshold matter, before reaching the merits of Plaintiffs' claims. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998). As presented by Defendants, the jurisdictional issues are: 1) Whether the *Barton* doctrine bars Plaintiffs' claims against Deeba because they did not obtain authorization of the bankruptcy court to sue the trustee; and 2) Whether Plaintiffs have standing to sue real estate management companies providing services to the trustee.[6] The *Barton* doctrine, like standing, "is jurisdictional in nature" and a motion for dismissal on these grounds is governed by Rule 12(b)(1). *See Satterfield v. Malloy*, 700 F.3d 1231, 1234 (10th Cir. 2012) (*Barton* doctrine); *see also Wilderness Society v. Kane County*, 632 F.3d 1162, 1168 (10th Cir. 2011) (en banc) (standing to sue).

---

[5] Many of these same deficiencies have been raised in the answers of the non-moving defendants, Price Edwards & Company and Hill. As to any jurisdictional deficiency that would deprive the Court of subject matter jurisdiction, a finding in favor of the movants may also dispose of Plaintiffs' claims against other similarly situated defendants, as discussed *infra*.

[6] Defendants also assert a defense of judicial immunity as officers of the bankruptcy court. This rule of absolute immunity is not jurisdictional but, when applicable, bars a claim for damages. *See*, *e.g.*, *Pierson v. Ray*, 386 U.S. 547, 554 (1967) (common law rule of immunity from liability for damages).

**Standard for Dismissal Under Rule 12(b)(1)**

"Motions to dismiss for lack of subject matter jurisdiction 'generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based.'" *City of Albuquerque v. U.S. Dept. of Interior*, 379 F. 3d 901, 906 (10th Cir. 2004) (quoting *Ruiz v. McDonnell*, 299 F. 3d 1173, 1180 (10th Cir. 2002)). Where, as here, "the movant goes beyond the allegations in the complaint and challenges the facts upon which subject matter jurisdiction depends . . . , the court must look beyond the complaint and has wide discretion to allow documentary and even testimonial evidence." *Paper, Allied-Indus., Chem. & Energy Workers Int'l Union v. Continental Carbon Co.*, 428 F.3d 1285, 1292 (10th Cir. 2005); *see Holt v. United States*, 46 F. 3d 1000, 1002-03 (10th Cir. 1995). A court may consider such evidence without converting the motion to one for summary judgment under Rule 56, unless "the jurisdictional question is intertwined with the merits of the case." *Holt*, 46 F. 3d at 1003; *see Sizova v. Nat'l Inst. Standards & Tech.*, 282 F.3d 1320, 1324 (10th Cir. 2002); *Pringle v. United States*, 208 F.3d 1220, 1222 (10th Cir. 2000). The issues are considered to be intertwined for this purpose where "resolution of the jurisdictional question requires resolution of an aspect of the substantive claim." *Pringle*, 208 F.3d at 1223; *see Sizova*, 282 F.3d at 1324.

In this case, Defendants challenge the factual basis for subject matter jurisdiction, arguing that the Court lacks jurisdiction because a) Plaintiffs did not obtain permission from the bankruptcy court to sue the trustee, and b) Plaintiffs seek to recover for alleged injuries

to the bankruptcy estate but lack authorization from the bankruptcy court to sue on behalf of the estate. Both arguments depend on facts outside the First Amended Complaint, but neither requires resolution of some aspect of Plaintiffs' substantive claims. Therefore, both issues can properly be decided under Rule 12(b)(1).

## Discussion of Jurisdictional Issues

### A. The *Barton* Doctrine

The well-established rule announced in *Barton v. Barbour*, 104 U.S. 126, 128 (1881), is that "before suit is brought against a receiver leave of the court by which he was appointed must be obtained." This same rule applies to a bankruptcy trustee: "*Barton* precludes suit against a bankruptcy trustee for claims based on alleged misconduct in the discharge of a trustee's official duties absent approval from the appointing bankruptcy court." *Satterfield v. Malloy*, 700 F.3d 1231, 1234-35 (10th Cir. 2012). Plaintiffs assert that this rule does not apply to their suit against Deeba because the case falls within a recognized exception: the "ultra vires" exception discussed in *Barton*, 104 U.S. at 134; and a statutory exception enacted by Congress, 28 U.S.C. § 959.

#### 1. Ultra Vires Conduct

This exception rests on the premise that a receiver who acts beyond the scope of his authority is not protected from a personal suit. *See Satterfield*, 700 F.3d at 1235. In this circuit, ultra vires conduct is limited to unauthorized acts such as the wrongful seizure of a third party's property. *See id.* at 1235-36. Accordingly, in a suit by a debtor against the bankruptcy trustee, "claims based on acts that are related to the official duties of the trustee

6

are barred by the *Barton* doctrine even if the debtor alleges such acts were taken with improper motives." *Id*. at 1236.

Upon consideration of the First Amended Complaint, the Court finds that Deeba's allegedly improper acts related to his official duties as the bankruptcy trustee, and Plaintiffs' allegations that he was motivated by retaliatory intent are irrelevant to application of the *Barton* doctrine. Here, as in *Satterfield*, Plaintiffs claim

> that [Deeba] acted to undermine the value of the estate and otherwise mismanaged the estate by: deliberately dissipating the estate's value; . . . allowing estate properties to be foreclosed upon [or sold for no value]; failing to provide for the upkeep of the estate; refusing to [make a claim for insurance proceeds on behalf of the estate]; and failing to exercise reasonable care in selecting [management companies]. All of this alleged retaliatory misconduct stemmed from [Deeba's] duties as trustee and was clearly related to his administration of the bankruptcy estate.

*Id*. Therefore, this case does not fall within the ultra vires exception to the *Barton* doctrine.

Plaintiffs attempt to avoid this conclusion by arguing – and alleging in their First Amended Complaint – that Deeba exceeded his authority and wrongfully seized the assets of third parties when he took control of real estate properties owned by Macco's subsidiary LLCs, only five of which were in bankruptcy and none of which had a trustee appointed. Plaintiffs couch their allegations and argument as made on behalf of the "SPE subsidiaries" of Macco, whose management and control were allegedly usurped by Deeba and whose assets were allegedly dissipated or devalued. *See, e.g.*, First Am. Compl. ¶¶ 106-08, 110-11. Although the Court understands these subsidiaries to be LLCs owned by Macco, Plaintiffs do not identify the LLCs or, if any LLC was not wholly owned, what other entities or persons

7

are members.[7] Nevertheless, Plaintiffs purport to bring suit against Deeba "in his role as manager of the SPE subsidiaries" as distinguished from his role as the bankruptcy trustee. *See id*. ¶¶ 19, 22, 83, 132. The Court is not persuaded.

Plaintiffs filed their First Amended Complaint including these allegations in an effort to overcome Deeba's motion to dismiss the original Complaint. However, the allegations are conclusory and fail to support a plausible claim that Deeba exceeded his authority as trustee. The factual allegations of Plaintiffs' pleading (as opposed to legal arguments and conclusions) state that each of the real properties managed by Macco was owned by a single purpose entity (SPE) that was organized to hold legal title; Macco held the equitable interest in each property. *See* First Am. Compl. ¶ 26. These equitable interests, as well as Macco's membership interests in the LLCs (whether 100% or a majority share), were property of the bankruptcy estate under 11 U.S.C. § 541. *See In re Albright*, 291 B.R. 538, 540 (Bankr. D. Colo. 2003) (debtor's bankruptcy filing transferred its membership interest in LLC to bankruptcy estate, and trustee succeeded to debtor's rights to control LLC); *see also In re First Protection, Inc.*, 440 B.R. 821, 830 (9th Cir. 2010) (same). Plaintiffs do not allege that any person or entity other than Macco had a right to control any LLC.

Further, "Macco's business was acquiring underperforming properties, improving the properties, operating the properties, refinancing the properties and selling the properties." *See* First Am. Compl. ¶ 26. Its business "included acting as the manager of the SPE

---

[7] Plaintiffs' pleading contains a partial list of subsidiaries owned by Macco; owners or members other than Macco are not sufficiently identified. *See* First Am. Compl. ¶ 9. Presumably, any LLC whose assets were unlawfully seized would be the proper party to bring such a claim.

subsidiaries." *Id*. ¶ 31. Because Macco was engaged in the business of managing the LLCs and their properties, the trustee of Macco's bankruptcy estate was obliged carry on this business and manage the LLCs and properties, as Plaintiffs had done when they were operating Macco as the debtor-in-possession. In short, Plaintiffs have failed to present sufficient facts from which to plausibly claim that a "wrongful seizure" of a third party's asset occurred or that Deeba engaged in conduct he was not authorized to undertake as trustee of the bankruptcy estate.

Moreover, the bankruptcy case record refutes Plaintiffs' allegations that Deeba's actions were not authorized by the bankruptcy court. Many of the decisions by Deeba that Plaintiffs challenge in this action, such as unprofitable sales or abandonment of the LLCs' properties, were expressly approved by the bankruptcy court, and Deeba filed written reports of the sales of Macco's membership interests in the LLCs. The orders approving property sales and the trustee's reports are summarized in an exhibit to Deeba's Motion, with references to the corresponding entries in the ECF docket report. *See* Deeba's Am. Mot. Dism., Ex. 3 [Doc. No. 45-3]. In addition, the bankruptcy court has rejected Plaintiffs' allegations of unauthorized conduct and mismanagement by the trustee in the context of denying a motion to enjoin the trustee and dismiss the case, and in ruling on later objections to his application for interim compensation.[8] Thus, the bankruptcy case record makes clear

---

[8] In the same order explaining why a trustee was needed (*see supra* note 4), Judge Jackson approved of actions taken by Deeba soon after his appointment that Plaintiffs alleged were unauthorized. Judge Jackson found no merit in Ms. Price's objection to Deeba's first fee application in which she claimed, among other things, that he had mismanaged the properties. *See In re Macco Props., Inc.*, Case No. 10-16682-NLJ, Order Approving Appl. First Interim Comp. by Chap. 11 Trustee (Bankr. W.D. Okla. July 20, 2012).

9

that the bankruptcy court approved and was informed of the trustee's actions with regard to management of the LLCs' properties.

For these reasons, the Court finds that Plaintiffs' quest to bring their case under the ultra vires exception to the *Barton* doctrine fails.

### 2. Statutory Exception

A federal statute authorizes a suit against a trustee or receiver as follows:

> Trustees, receivers or managers of any property, including debtors in possession, may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property.

*See* 28 U.S.C. § 959(a). Federal courts called to interpret § 959 have concluded that Congress did not intend for this exception to "swallow the rule." *See Satterfield*, 700 F.3d at 1237. Federal appellate courts, including the Tenth Circuit, have interpreted the statute as a narrow exception applicable "to circumstances in which a trustee is operating a business in an ongoing manner rather than simply taking administrative steps to liquidate the estate." *Id*. at 1238. The statute "was intended to 'permit actions redressing torts committed in furtherance of the debtor's business, such as the common situation of a negligence claim in a slip and fall case where a bankruptcy trustee, for example, conducted a retail store.'" *Id*. (quoting *Carter v. Rodgers*, 220 F.3d 1249, 1254 (11th Cir. 2000)). Thus, in *Satterfield*, the court found that § 959 did not apply because the plaintiffs were complaining about the bankruptcy trustee's alleged misconduct in "'administering the estate's property, and not on tortious acts committed in furtherance of [plaintiff's] leasing or mortgage and real estate business.'" *Id*. at 1238 (quoting *Muratore v. Darr*, 375 F.3d 140, 145 (1st Cir. 2004)).

As a Chapter 11 trustee, Deeba was in some respects carrying on Macco's business and might be subject to suit, for example, for personal injuries caused by negligent maintenance of the real estate properties. Plaintiffs' claims against Deeba, however, are not based on negligent operation of Macco's business as a going concern, but on his acts in administering and liquidating the estate. Like the debtor in *Satterfield*, Plaintiffs are complaining about the manner in which Deeba performed his trustee duties, such as allegedly dissipating the value of the properties comprising the bankruptcy estate, failing to make good faith efforts to sell some property, failing to provide for adequate upkeep of the real property, and failing to exercise reasonable business judgment. *See id*. at 1233. Plaintiffs are seeking to recover for alleged injury to the bankruptcy estate that, in turn, caused losses to them as equity holders or creditors.[9] Therefore, the Court finds that Plaintiffs' claims against Deeba do not fall within the limited statutory exception created by § 959.

3. **Conclusions Regarding the *Barton* Doctrine**

For these reasons, the Court finds that Plaintiffs' failure to obtain authorization of the bankruptcy court to bring this action deprives the Court of jurisdiction of their claims against Deeba, the bankruptcy trustee. Further, as to Michael E. Deeba PLLC, the First Amended Complaint does not identify any wrongful act; it appears that Plaintiffs have sued Deeba's professional corporation for its role in assisting the trustee or performing some of his duties.

---

[9] Plaintiffs' claims are not unlike claims of corporate waste and mismanagement, which generally belong to the corporation and can only be raised by the corporation or by stockholders in a derivative suit. *See Stat-Tech Int'l Corp. v. Delutes* (*In re Stat-Tech Int'l Corp.*), 47 F.3d 1054, 1059 (10th Cir. 1995); *see also Official Committee of Unsecured Creditors v. R.F. Lafferty & Co., Inc*., 267 F.3d 340, 348-49 (3d Cir. 2001).

Accordingly, any claim against the corporation will be treated as one against the trustee. Therefore, the Court lacks jurisdiction of all claims against Deeba and his corporation.

This conclusion regarding the trustee may also impact Plaintiffs' claims against Hill, a member of the unsecured creditors' committee. Hill was similarly appointed by the bankruptcy court, and Plaintiffs similarly claim that Hill engaged in conduct that breached a fiduciary duty arising from his official position.[10] It would appear that Plaintiffs' suit against Hill is also barred by the *Barton* doctrine due to Plaintiffs' lack of authorization from the bankruptcy court to bring their claims. *See Carter v. Rodgers*, 220 F.3d 1249, 1252 (11th Cir. 2000) (*Barton* doctrine protects "the trustee or other-court-appointed officer, for acts done in the actor's official capacity"); *see also Lawrence v. Goldberg*, 573 F.3d 1265, 1270 (11th Cir. 2009) (all court-appointed officers or their equivalents were protected by the *Barton* doctrine). Prior to the potential dismissal of Plaintiffs' action against Hill, however, the Court will permit the parties to brief the jurisdictional issues as they pertain to Hill.

**B.     Standing**

Plaintiffs assert claims of "gross mismanagement" against service professionals who were employed by Deeba, with bankruptcy court approval, as real estate managers for some estate properties. *See* First Am. Compl. ¶¶ 179, 190. Defendants Price Edwards & Company and RSC, together with its parent company, The Martens Companies ("Martens"), are the

---

[10] Plaintiffs also allege that Hill's conduct as a member of the committee breached ethical obligations owed to them as former clients. This malpractice claim appears to be a collateral attack on Hill's appointment to the committee; he allegedly had a conflict of interest and access to confidential information obtained during the prior representation. The only harm allegedly caused by Hill's conduct seems to be injury to the bankruptcy estate and, only derivatively, to Plaintiffs as creditors or equity owners.

12

targets of these claims. Plaintiffs allege that these defendants breached a duty to conserve and protect the assets of Macco and its subsidiaries, and caused a loss of equity in the properties. *Id*. ¶¶ 182, 191.

The Motions of RSC and Martens challenge Plaintiffs' standing to assert claims of injury to Macco's bankruptcy estate.[11] The Bankruptcy Code expressly confers on the bankruptcy trustee, as representative of the estate, standing to sue on its behalf. *See* 11 U.S.C. § 323. A creditor has no standing to sue for the estate unless a trustee or debtor-in-possession fails to do so and the bankruptcy court authorizes the suit. *See*, *e.g.*, *Starzynski v. Sequoia Forest Indus*., 72 F.3d 816, 821 (10th Cir. 1995). Plaintiffs have not been granted such authority by the bankruptcy court.

Plaintiffs do not disagree with these principles as applied to their claims on behalf of the bankruptcy estate. As to these claims, Plaintiffs have made a demand on the bankruptcy trustee, and after the demand was rejected, Plaintiffs have filed motions in the bankruptcy case seeking such authority from the bankruptcy court. To date, no disposition of these motions has been made. Plaintiffs nevertheless assert that they may bring individual claims for injuries to their own interests, apart from their claims on behalf of the estate.

Plaintiffs attempt to establish an individual right of action by alleging that the loss of equity in the estate properties caused a diminution in Ms. Price's ownership interest as the

---

[11] This is a question of "prudential" standing to bring a particular claim, as opposed to the constitutional minimum of Article III standing. *See*, *e.g.*, *Kowalski v. Tesmer*, 543 U.S. 125, 128-29 (2004).

equity holder of Macco. *See* First Am. Compl. ¶¶ 185, 196.[12] Plaintiffs argue in their briefs that the management companies, acting as employees of the trustee or persons in control of estate properties, owed duties arising under federal and state tort law to safeguard the interests of creditors and equity holders. Plaintiffs provide no legal authority holding that an individual creditor or equity holder can sue for a breach of these duties. They simply assert that the management companies owed "a duty directly to Plaintiffs (as Plaintiffs were both creditors of the estate as well as beneficiaries of the estate as equity holders of both the debtor and its subsidiaries). . . [and] Plaintiffs are entitled to sue Defendant[s] on their own behalf." *See* Pls.' Resp. Br. Martens' Mot. [Doc. No. 49], ¶ 3; Pls.' Resp. Br. RSC's Mot. [Doc. No. 51], ¶ 7.

The Court finds that Plaintiffs' argument lacks a sound legal basis. Regardless of a theory of liability, it is clear that all claims asserted against the management companies in the First Amended Complaint are based solely on Plaintiffs' status as creditors or equity holders. Plaintiffs allege no facts from which to conclude that either of them suffered any unique injury or loss that was not shared by the estate, creditors, or beneficiaries generally. The overwhelming weight of authority holds that the trustee has the exclusive right to bring general claims that are property of the estate; a creditor has only the right to bring a personal claim, that is, one in which "the claimant himself is harmed and no other claimant or creditor has an interest in the cause." *See CBS, Inc. v. Folks* (*In re Folks*), 211 B.R. 378, 387 (9th

---

[12] The First Amended Complaint also alleges there was a loss of equity by "the co-owners of the SPE subsidiaries." *Id.* ¶ 183. However, there are no factual allegations to establish that either individual plaintiff was an owner or member of any subsidiary LLC.

14

Cir. BAP 1997) (internal quotation omitted); *see also Levey v. Systems Div., Inc.* (*In re Teknek, LLC*), 563 F.3d 639, 646 (7th Cir. 2009). "'If a claim is a general one, with no particularized injury arising from it, and if that claim could be brought by any creditor of the debtor, the trustee is the proper person to assert the claim, and the creditors are bound by the outcome of the trustee's action.'" *Folks*, 211 B.R. at 387 (quoting *Kalb, Voorhis & Co. v. American Fin. Corp.*, 8 F.3d 130, 132 (2d Cir. 1993)). "A creditor must assert a direct injury to have standing to sue outside of the bankruptcy proceedings." *Newby v. Enron Corp.*, (*In re Enron Corp. Sec., Derivative & "ERISA" Litig.*), 511 F. Supp. 2d 742, 798 (S.D. Tex. 2005).

Under the circumstances presented, Plaintiffs may not bring claims against the estate professionals on their own behalf because Plaintiffs share an alleged injury "common to all creditors and ha[ve] personally been injured only in an indirect manner." *Teknek*, 563 F.3d at 646. Therefore, Plaintiffs' action against the management companies – RSC, Martens, and Price Edwards & Company – must be dismissed for lack of standing.[13]

### Standard for Amendment of Pleadings

Plaintiffs propose to file a Second Amended Complaint if their existing pleading is found to be deficient. Plaintiffs' Motion is governed by Rule 15(a)(2), Fed. R. Civ. P., which directs courts to "freely give leave [to amend] when justice so requires." This rule is

---

[13] Although Price Edwards & Company did not move for dismissal, the Court has an independent obligation to determine its jurisdiction. *See 1mage Software, Inc. v. Reynolds and Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006). Because Plaintiffs' claims against this defendant are indistinguishable from their claims against RSC and Martens, and because the jurisdictional issues have been fully briefed, the Court finds that Plaintiffs' claims against Price Edwards & Company should also be dismissed.

intended "to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)). Accordingly, a request to amend a pleading should be granted unless a sufficient reason exists to deny it. *Id.*; *see Foman v. Davis*, 371 U.S. 178, 182 (1962). "'Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.'" *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

**Application to Plaintiffs' Second Amended Complaint**

Defendants oppose Plaintiffs' request to further amend their pleading on grounds that Plaintiffs have already been allowed an amendment after being advised of the deficiencies by prior motions to dismiss, and that Plaintiffs' proposed second amendment would be futile. In view of the jurisdictional deficiencies found by this Order, the Court agrees that permitting Plaintiffs to file the Second Amended Complaint attached to their Motion would be futile.[14]

The Court has carefully reviewed Plaintiffs' 75-page proposed pleading.[15] In it, the Court finds insufficient factual allegations to avoid the protection of the *Barton* doctrine or

---

[14] Notably, Plaintiffs do not appear to disagree with Defendants' futility objections. The only arguments in Plaintiffs' reply brief addressing futility assume that either the motions to dismiss lack merit or the bankruptcy court will grant Plaintiffs' motions for authorization to sue the trustee and the management companies. *See* Pls.' Reply Br. [Doc. No. 76] at 7-9.

[15] For convenience, the Court reviewed the redlined draft submitted in response to Plaintiffs' Motion. *See* Deeba's Objection, Ex. 1 [Doc. No. 68-1].

to establish Plaintiffs' standing to sue the real estate management companies employed by the trustee. Plaintiffs do not allege any additional facts showing that the trustee was acting outside the authority of his office or that his acts were unrelated to the administration and liquidation of the bankruptcy estate. Nor do Plaintiffs allege facts that might establish a personal right of action against the estate professionals. As to these defendants, Plaintiffs' claims cannot be brought in this Court without prior authorization of the bankruptcy court. Plaintiffs acknowledge in the proposed Second Amended Complaint that no such authorization was received before filing suit. The Second Amended Complaint expressly states that Plaintiffs have filed motions in the bankruptcy case to obtain authorization to sue but the motions remain pending.[16] Therefore, Plaintiffs cannot assert their claims against the trustee, his professional corporation, or the management companies in this action.

IT IS THEREFORE ORDERED that Defendants' Motions to Dismiss [Doc. Nos. 34, 35, and 44] are GRANTED, as set forth herein. Plaintiffs' action against all parties except Defendant Jackie Hill is dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction.[17] As to Defendant Hill, Plaintiffs and Hill shall file simultaneous briefs on the issue of subject matter jurisdiction within 14 days from the date of this Order.

---

[16] Electronic access of the bankruptcy case record before entry of this Order revealed no ruling on the motions.

[17] Because the Court lacks jurisdiction, the dismissal must be without prejudice to refiling, even if refiling would be futile. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims") (emphasis in original).

IT IS FURTHER ORDERED that Plaintiffs' Motion for Leave to Amend [Doc. No. 54] is DENIED.

IT IS SO ORDERED this 17th day of September, 2014.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE